## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| JWR HOLDINGS, LLC,<br>LANDMARK PROPERTIES, INC.<br><br>     Plaintiffs,<br><br>  -against-<br><br>STANDARD RIVER DISTRICT, L.P.<br>AND STANDARD IN THE HEIGHTS, L.P.<br><br>     Defendants. | CIVIL ACTION NO.<br><br>3:25-cv-456<br><br><br>**JURY TRIAL DEMANDED** |

### COMPLAINT

Plaintiffs, JWR Holdings LLC, ("JWR") and Landmark Properties, Inc. ("Landmark Properties") (collectively "Landmark" or "Plaintiffs"), through their attorneys Ice Miller LLP, file their Complaint against Defendants Standard River District, L.P. ("Standard River District") and Standard in the Heights, L.P. ("Standard in the Heights") (collectively "Defendants"), and in support respectfully allege as follows:

### INTRODUCTION

1. Plaintiffs' claims arise under the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.*, particularly under 15 U.S.C. § 1114(1). This Court has subject matter jurisdiction over the claims in this action which relate to trademark infringement, false designations of origin, and false descriptions pursuant to the provisions of 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121.

2. Plaintiffs bring this complaint under the Lanham Act and Texas common law and statutes to stop Defendants' infringement of Plaintiffs' mark, THE STANDARD, which is registered and used for development and leasing of luxury residential rental apartments located

throughout the United States, including Texas, in major cities, and university housing markets throughout the United States

3.    Since 2013, Plaintiffs and their affiliates have been engaged in leverage planning and partnerships in conjunction with development of multi-unit residential properties throughout the United States under various branded properties. Plaintiff, JWR, is the owner of the trademarks for these branded properties, which are licensed throughout the U.S. to one or more Landmark entities under common ownership and control of Plaintiff Landmark Properties.

4.    One of Plaintiffs' crowned jewel line of properties is its multi-unit luxury properties branded under the mark, THE STANDARD. Plaintiffs themselves and through their affiliates and authorized licensees have used the mark THE STANDARD since 2013 to identify these high-end, multi-unit properties that are located throughout the United States. THE STANDARD properties are currently located in nineteen (19) states and comprise to date twenty-six (26) residential complexes, with 6,515 units. Attached hereto as **Exhibit A** are pages from Plaintiffs' website promoting and describing its properties that are offered under THE STANDARD trademarks.[1]

5.    Each property branded under THE STANDARD trademarks is a high-end, rental property that provides luxury common features, such as swimming pools, fitness facilities, gourmet kitchens, game rooms and common media rooms. The apartments come fully furnished in one-to-six-bedroom sizes. THE STANDARD residential properties are generally located in proximity of most major universities, both in urban and rural areas, to appeal to the off-campus student and faculty populations, young professionals, and other persons who are interested in the ease and convenience of well-appointed, luxury, furnished apartments.

---

[1] This information is readily available at https://www.landmarkproperties.com/brand/the-standard/.

4877-4039-2461.2

6. Plaintiffs have registered the mark THE STANDARD with the United States Patent and Trademark Office under U.S. Trademark Reg. Nos. 4,645,812 (the "'812 Registration"), 4,645,814 (the "'814 Registration"), and 5,824,166 (the "'166 Registration") (collectively "THE STANDARD Registrations"). True copies of THE STANDARD Registrations are attached as **Exhibit B.**

7. In September 2024, Plaintiffs learned Defendants, in contravention of Plaintiffs' rights in the mark THE STANDARD, were offering for sale residential apartment properties in Houston and Fort Worth, Texas, using Plaintiffs' established mark, THE STANDARD, (the "Accused Services") without authorization from Plaintiffs.

8. On information and belief, Defendants Standard River District, L.P. and Standard in the Heights, L.P. are real estate investment companies that invest in a variety of properties including commercial and residential properties.

9. Plaintiffs learned of Defendants' proposed infringement of Plaintiffs' mark THE STANDARD in September 2024 and shortly thereafter provided several communications to Defendants demanding that they cease and desist from use of a STANDARD mark for the Accused Services. Copies of these initial letters are attached as **Exhibit C.** Subsequent correspondence between outside counsel for Plaintiffs' and outside counsel for Defendants is attached as **Exhibit D.** Defendants' actions are done with direct knowledge of Plaintiffs and Plaintiffs' well-established rights in the mark THE STANDARD for residential properties. Defendants' actions constitute willful infringement of Plaintiffs' prior and superior rights.

10. With knowledge of Plaintiffs' superior rights, and without authorization of the Plaintiffs, Defendants have promoted competing luxury apartments to persons in this district for apartments located in the Houston and Fort Worth areas (i.e., the Accused Services) offered

3

under infringing marks STANDARD RIVER DISTRICT in Houston and STANDARD IN THE HEIGHTS in Fort Worth.

11.    Despite actual knowledge of Plaintiffs' trademark usage and registrations, and Defendants' knowledge of Plaintiffs' objections to any use of Plaintiffs' trademark THE STANDARD, Defendants have continued with plans to market the Accused Services under a STANDARD mark.

## THE PARTIES

12.    Plaintiff JWR Holdings, LLC is a limited liability company, organized and existing under the laws of Georgia, having its principal place of business located at 315 Oconee Street, Athens, GA, 30601. Plaintiff Landmark Properties, Inc. is a Delaware company, with a principal place of business at 15 Oconee Street, Athens, GA, 30601. Landmark Properties is licensed to do business in the state of New York.

13.    On information and belief, Defendant Standard in the Heights, LP is a limited partnership, located at 5949 Sherry Lane, Suite 900, Dallas, Texas 75225. The Standard in the Heights Defendant has sought to use the mark THE STANDARD IN THE HEIGHTS on a competing "new" residential property in Houston, Texas and to market the Accused Services, which directly infringe on Plaintiffs' registered trademarks. *See* **Exhibit E.**

14.    On information and belief, Defendant, Standard River District, LP is located at 6440 N. Central Expressway, Suite 900, Dallas, TX 75206. The Standard River District Defendant has sought to use the mark STANDARD RIVER DISTRICT on a competing residential property in Fort Worth, Texas, and to market the Accused Services, which directly infringe on Plaintiffs' registered trademarks. *See* **Exhibit F.**

4

## JURISDICTION AND VENUE

15.     These claims arise under the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq*., particularly under 15 U.S.C. § 1114(1). This Court has subject matter jurisdiction over the claims in this action, which relate to trademark infringement, false designations of origin and false descriptions pursuant to the provisions of 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121.

16.     This Court has supplemental jurisdiction over the claims in this Complaint, which arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a), since the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

17.     Personal jurisdiction over Defendants in this Court is proper on the basis that each defendant is domiciled in and has an address in this judicial district. Defendants market and sell the Accused Services as set forth in this Complaint under the infringing marks directly to consumers, including consumers in Texas, through its physical locations in Texas and by advertising the property and offering of services under the infringing mark in Texas. Based on such conduct, each Defendants expected or should reasonably have expected their acts to have consequences in the state of Texas.

18.     Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) because each Defendant resides in this Judicial District, and §1391(b)(2) because a substantial portion of the events and omissions giving rise to the claims occurred in this district and because Defendant is subject to personal jurisdiction in this District.

## FACTUAL ALLEGATIONS

### A.  Plaintiffs' Use of the Registered Trademarks:  THE STANDARD

19.     Plaintiffs first used the mark, THE STANDARD, to identify a luxury residential property offered in Athens, Georgia, in 2013. Today, there are twenty-six properties under the brand THE STANDARD, throughout the United States. The apartments are primarily marketed to university students and young professionals who look for luxury accommodations. Plaintiffs' properties are located predominantly in cities and towns with major universities.

20.     Plaintiffs' mark, THE STANDARD, was registered under Reg. Nos. 4,645,812 (the "'812 Registration"), on November 25, 2014, Reg. No. 4,645,814 (the "'814 Registration"), was registered on November 25, 2014, and Registration No. 5824166 (the "'166 Registration") was registered on August 6, 2019, (collectively the "THE STANDARD Registrations"). *See* **Exhibit B**.

21.     All of THE STANDARD Registrations are registered for use in connection with "real estate management services; leasing and management of real estate; leasing and management of residential real estate; leasing and management of apartments; leasing and management of multiple unit housing; leasing and management of student housing; management of single unit student housing; real estate rental services, namely, rental of residential housing; real estate service, namely, rental property management; real estate services, namely, rental of short-term furnished apartments; apartment house management; renting of apartments; rental of apartments in an apartment community" (hereinafter, "THE STANDARD Services").

22.     THE STANDARD Registrations are valid and in full force and effect throughout the United States.

23.     Plaintiffs provide the services rendered thereunder under THE STANDARD Registrations in United States. THE STANDARD branded portfolio of residential properties has garnered tremendous goodwill for the Plaintiffs, who have, since inception of the brand in 2013, significantly developed, advertised, and promoted THE STANDARD brand and trademarks in connection with THE STANDARD Services.

24.     As a result of Plaintiffs' widespread reputation for quality and excellence in connection with the services, rendered in connection with the marks THE STANDARD, and the extensive marketing efforts to promote the services under THE STANDARD trademarks, nation-wide, Plaintiffs' mark, THE STANDARD is strong and well-known, in connection with THE STANDARD Services.

25.     Accordingly, the general public understands that THE STANDARD for residential apartment and associated services is identified with the Plaintiffs and their business, exclusively.

**B. Defendants' Infringing Activities**

26.     On information and belief, Defendants are related companies that develop commercial and residential properties in Texas. In September 2024, Plaintiffs discovered through an article in the press that Defendants had plans to develop properties in Houston and Fort Worth branded with the mark THE STANDARD. A copy of an article on Defendants' plans are referred to in the article attached hereto as **Exhibit G**.

27.     On or about September 13, 2024, Plaintiffs wrote to Defendants and requested that Defendant cease and desist from using the mark THE STANDARD, or any mark similar thereto to identify a property. *See* **Exhibit C**.

28.    Thus, Defendant has engaged in these infringing activities despite having actual and constructive notice of the Plaintiffs' THE STANDARD Services, and THE STANDARD Registrations.

29.    In fact, in direct opposition to Plaintiffs' request, Defendants have advertised and promoted competing residential properties under Plaintiffs' mark THE STANDARD. *See* downloaded pages from Defendants' website for the Houston property at **Exhibit E** and for the Fort Worth property at **Exhibit F.** The use of Plaintiffs' mark is likely to be and is intended to mislead, deceive, and/or confuse consumers as to the origin of Defendants' services and of trading on Plaintiffs' reputation and goodwill in the properties that are branded with Plaintiffs' THE STANDARD Trademarks.

30.    As a direct and proximate result of Defendants' trademark infringement, Plaintiffs have suffered and will continue to suffer loss of income, profits, and goodwill, and Defendants have and will continue to unfairly acquire income, profits, and goodwill as a result thereof.

31.    Defendants' acts of infringement will cause further irreparable injury to Plaintiffs if Defendants are not restrained by this Court from further violation of Plaintiffs' rights.

### **FIRST CAUSE OF ACTION**

**Trademark Infringement**
**Lanham Act § 32, 15 U.S.C. § 1114**

32.    Plaintiffs repeat and reallege the allegations set forth in the paragraphs above, as though fully set forth herein.

33.    The acts of Defendants described above constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

34.    Plaintiffs own valid and protectable registered rights in THE STANDARD Trademarks.

35.     Plaintiffs have not authorized Defendants to use THE STANDARD Trademarks, and Defendants' use of THE STANDARD Trademarks in connection with the Accused Services has resulted and will result in Defendants unfairly and unlawfully benefitting from Plaintiffs' goodwill.

36.     Defendants' knowing and unauthorized use and promotion of THE STANDARD Trademarks in connection with the Accused Services is likely to cause confusion, mistake, or deception on the part of consumers as to the source, nature, and quality of the products or services Defendants are offering, constituting trademark infringement in violation of 15 U.S.C. § 1114.

37.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have been, are now, and will continue to be irreparably injured and damaged by Defendants' aforementioned acts, and unless Defendants are enjoined by the Court, Plaintiffs will suffer further harm to their name, reputation, and goodwill. This harm constitutes an injury for which Plaintiffs have no adequate remedy at law.

38.     On information and belief, Defendants have acted willfully to usurp Plaintiffs' rights.

## SECOND CAUSE OF ACTION

**False Designations of Origin**
**Lanham Act § 43(a)(1)(A), 15 U.S.C. § 1125(a)(1)(A)**

39.     Plaintiffs repeat and reallege the allegations set forth in the paragraphs above, as though fully set forth herein.

40.     This cause of action arises under Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a).

4877-4039-2461.2

41.     Plaintiffs own and enjoy valid, enforceable, and fully subsisting common law trademark rights in THE STANDARD Trademarks throughout the United States.

42.     Defendants' use of THE STANDARD Trademarks to promote, market, or sell the Accused Services in interstate commerce in direct competition with Plaintiffs' services constitutes unfair competition pursuant to 15 U.S.C. § 1125(a).

43.     Defendants' use of the designation "the standard" in connection with the Accused Services in commerce is likely to cause confusion, or to cause mistake, or to deceive consumers as to an affiliation, connection, or association between Plaintiffs and Defendants, or as to the origin, sponsorship, or approval of Defendants' goods or services by Plaintiffs.

44.     Defendants will, on information and belief, continue to infringe upon Plaintiffs' rights under Section 43(a) of the Lanham Act unless enjoined by this Court.

45.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have been, is now, and will continue to be irreparably injured and damaged by Defendants' aforementioned acts, and unless Defendants are enjoined by the Court, Plaintiffs will continue to suffer further harm to its name, reputation, and goodwill. This harm constitutes an injury for which Plaintiffs have no adequate remedy at law.

### THIRD CAUSE OF ACTION

### Common Law Trademark Infringement

46.     Plaintiffs repeat and reallege the allegations set forth in the paragraphs above, as though fully set forth herein.

47.     Plaintiffs own and enjoy valid, enforceable, and fully subsisting common law trademark rights in THE STANDARD Trademarks in Texas and throughout the United States.

48.     Defendants' unauthorized use of THE STANDARD Trademarks in connection with the Accused Services infringes upon Plaintiffs' common law rights in THE STANDARD Trademarks.

49.     Additionally, the labor and expenditures of Plaintiffs have been misappropriated by Defendants, which is likely to cause confusion among the purchasing public as to the origin of Defendants' services.

50.     By its use of THE STANDARD Trademarks, Defendants have abrogated to themselves Plaintiffs' goodwill in THE STANDARD Trademarks and have misappropriated Plaintiffs' rights in said mark.

51.     Defendants will, on information and belief, continue to infringe upon Plaintiffs' common law rights unless enjoined by this Court.

52.     Defendants' conduct has damaged Plaintiffs and will, unless enjoined by the Court, further impair the value of Plaintiffs' trade name, reputation, and goodwill. This harm constitutes an irreparable injury for which Plaintiffs have no adequate remedy at law.

## FOURTH CAUSE OF ACTION

### Unfair Competition Under Tex. Bus. & Comm. Code § 16.102

53.     Plaintiffs repeat and reallege the allegations set forth in the paragraphs above as though fully set forth herein.

54.     Defendants' promotion, marketing, and sale of the Accused Services under confusingly similar imitations of THE STANDARD Trademarks is likely to:

(a)     cause confusion, mistake and/or deception; or

(b)     give the false and misleading impression that:

4877-4039-2461.2

(i)    the goods and services offered or sold by Defendant and Plaintiffs originate with or are under the control of a single source or are backed or endorsed by a single source; or

(ii)    Defendants are a subsidiary of, or in some way associated with, connected, or related to one or more of the Plaintiffs; or

(c)    Lead to the passing off of Defendants' services as that of the Plaintiffs.

55.    Such acts have been done in bad faith with actual knowledge of THE STANDARD Trademarks, and are in violation of the law of unfair competition under the common law of Texas.

## FIFTH CAUSE OF ACTION

### Unjust Enrichment

56.    Plaintiffs repeat and reallege the allegations set forth in the paragraphs above as though fully set forth herein.

57.    Defendants have been and continue to be unjustly enriched at Plaintiffs' expense by Defendants' acts complained of herein.

58.    Defendants have wrongfully used Plaintiffs' trademarks and, in doing so, have gained and are gaining a wrongful benefit through the use of Plaintiffs' goodwill and reputation.

59.    Defendants' retention of this benefit by undue and unfair advantage violates the fundamental principles of justice, equity, and good conscience.

60.    Defendants' acts complained of herein constitute unjust enrichment at Plaintiffs' expense in violation of Texas common law.

61.    Plaintiffs have been damaged by Defendants' acts of unjust enrichment.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that this Court enter judgment against Defendants, each, as follows:

1. Preliminarily and permanently enjoining each Defendant, their agents, servants, employees, officers, associates, attorneys, licensees, and all persons in privity, or active concert or participation with any of them, from:

    a. Using THE STANDARD Trademarks or any mark confusingly similar thereto, in connection with the distribution, advertising and/or offering of the Accused Services;

    b. Representing by any means whatsoever, that each Defendant and its services are associated in any way with Plaintiffs or THE STANDARD Trademarks;

    c. Engaging in any other acts calculated or likely to cause confusion or mistake in the mind of the public or to lead others to believe that each Defendants' Accused Services come from or are the services of Plaintiffs, or are somehow sponsored by or associated with Plaintiffs; and

    d. Otherwise unfairly competing with Plaintiffs or misappropriating Plaintiffs' intellectual property rights.

2. Requiring each Defendant to file with the Court and serve on Plaintiff within thirty (30) days of entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which such Defendant has complied with the injunction, pursuant to 15 U.S.C. § 1116(a);

3. Holding each Defendant liable, pursuant to 15 U.S.C. § 1117, for all damages suffered by Plaintiffs resulting from the acts alleged herein;

4. Compelling each Defendant, pursuant to 15 U.S.C. § 1117, to account to Plaintiffs for any and all profits derived by it from its unlawful acts complained of herein;

5. Order each Defendant, pursuant to 15 U.S.C. § 1118, to deliver up for destruction all containers, labels, signs, prints, packages, wrappers, receptacles, advertising, promotional material or the like in possession, custody, or under the control of Defendant bearing THE STANDARD trademarks for use in connection with the Accused Services;

13

6.    Ordering each Defendant to either cancel or transfer ownership to Plaintiffs of the commercial website located at www.standardintheheights.com and www.standardriverdistrict.com;

7.    Ordering each Defendant to disgorge its profits;

8.    Declaring this to be an exceptional case and awarding Plaintiffs their full costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117, and Tex. Bus. & Comm. Code § 16.102; and

9.    That the Court award Plaintiffs such other and further relief as it deems proper.

Dated: February 24, 2025                    Respectfully submitted,

 /s/ Brett M. Pinkus                        ICE MILLER LLP
Brett M. Pinkus
State Bar No. 24076625
brett.pinkus@wickphillips.com               Jacqueline Lesser (*pro hac vice* to be filed)
Wick Phillips Gould & Martin, LLP           1735 Market Street Suite 3900
3131 McKinney Avenue, Suite 500             Philadelphia, PA 19103
Dallas, Texas 75204                         215.815.4089
Telephone: (214) 692-6200                   Jacqueline.Lesser@icemiller.com
Facsimile: (214) 692-6255
                                            Thomas A. Rammer (*pro hac vice* to be filed)
                                            200 W. Madison, Suite 3500
                                            Chicago, IL 60606
                                            312.705.6016
                                            Tom.Rammer@icemiller.com

*Attorneys for Plaintiffs JWR Holdings LLC, and Landmark Properties, Inc.*